UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| RUBBER POLYMERS, INC. § | |
| § | |
| Plaintiffs/Counter-Defendant, § | |
| § | |
| v. § | CASE NO. 1:07-CV-892 |
| § | |
| DUPONT DOW ELASTOMERS, LLC, § | JUDGE RON CLARK |
| § | |
| Defendant/Counter-Plaintiff. § | |
| § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the court is Plaintiff Rubber Polymers, Inc.'s Motion to Remand [Doc. #12]. Rubber Polymers alleges that remand is appropriate under the forum defendant rule, 28 U.S.C. § 1441(b), because Defendant Dupont Performance Elastomers, LLC[1] is a citizen of Texas. Improper removal under § 1441(b) is a waivable removal defect. Rubber Polymers waited over three months after removal before filing its motion to remand. Accordingly, Rubber Polymers' motion is denied.

### Discussion

A timeline is helpful to the analysis:

August 10, 2007 -   Plaintiff filed its Original Petition in the 172nd Judicial District of Jefferson County, Texas alleging breach of contract and fraud claims against Defendant.

October 17, 2007 -   Defendant was served with Plaintiff's Original Petition.

November 15, 2007 - Defendant filed its Notice of Removal.

February 25, 2007 - Plaintiff filed its Motion to Remand.

---

[1] Defendant states that it has been incorrectly identified and sued as "DuPont Dow Elastomers, L.L.C."

Under 28 U.S.C. § 1441(b), an action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. If a party does not move for remand within 30 days, the plaintiff waives its right to remand on the grounds that a defendant is a citizen of the state where the action was filed. *See* 28 U.S.C. § 1447(c); *In re Shell Oil Co.,* 932 F.2d 1518 (5th Cir. 1991)(holding that "improper removal under § 1441(b) is a waivable removal defect."

It is undisputed that Plaintiff did not move to remand within the 30 day limit. The rules of waiver are strictly construed and the court cannot exercise discretion to remand on the basis of improper removal in response to an untimely motion to remand. *See In re Shell Oil Co.,* 932 F.2d at 1552. Accordingly, there is no basis to remand this case.

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Remand [Doc. #12] is **DENIED.**

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Sur-Reply [Doc. #17] is **DENIED as moot.**

So **ORDERED** and **SIGNED** this 6   day of **March, 2008.**

_____
Ron Clark, United States District Judge